*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEMBERSELECT INSURANCE COMPANY,

        Plaintiff-Appellee/Cross-Appellant,

v

MICHAEL JAMES CLANCY, Personal
Representative of the ESTATE OF CONNOR
JAMES CLANCY,

        Defendant-Appellant/Cross-Appellee,

and

ANTHONY DWAYNE MAGEE and DEBBIE
MAGEE,

        Defendants.

UNPUBLISHED
April 23, 2026
11:06 AM

No. 372802
Wayne Circuit Court
LC No. 22-007261-CK

Before: CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Defendant,[1] appeals as of right the trial court's order granting plaintiff's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and denying Debbie's motion under the same rule.[2] We reverse and remand for further proceedings.

---

[1] Michael James Clancy, as personal representative of the Estate of Connor James Clancy, is the only defendant that is a party to this appeal. As such, he will be referred to as "defendant" while the other defendants, Anthony Dwayne Magee and Debbie Magee, will be referred to by name.

[2] Plaintiff chose not to pursue its cross-appeal after filing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose after Anthony, driving his truck while under the influence and with a suspended license, collided with Connor James Clancy (decedent), killing him. Prior to the collision, Anthony moved into Debbie's home and requested that she add his truck to her insurance policy with plaintiff. Debbie called plaintiff and informed it that she was the truck's primary driver. She did not inform plaintiff that the truck was owned by Anthony or that Anthony was living in her home. Plaintiff added the truck to Debbie's policy.

Defendant filed suit against Anthony for the wrongful death of decedent. Anthony and Debbie requested that plaintiff indemnify them, which prompted plaintiff to investigate Debbie's claim. Plaintiff rescinded the policy on the basis of Debbie's misrepresentations regarding Anthony's residence, ownership, and use of the truck. It then filed suit seeking a declaratory judgment that rescission was appropriate. Relevant here, plaintiff moved for summary disposition claiming there was no dispute that Debbie made material misrepresentations in adding the truck to her policy entitling plaintiff to rescission. The trial court granted the motion, finding that three of the five factors postured by Justice Markman in *Farm Bureau Gen Ins Co of Mich v ACE American Ins Co*, 503 Mich 903, 906; 919 NW2d 394 (2018) (MARKMAN, J., concurring), favored rescission. Defendant now appeals.

## II. STANDARDS OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim." *Id*. at 160 (emphasis omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

"The remedy of rescission is granted only in the sound discretion of the court." *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 586 (2020) (quotation marks and citation omitted). "An abuse of discretion occurs when the decision falls outside the range of reasonable and principled outcomes." *Id*. "An abuse of discretion necessarily occurs when the trial court makes an error of law." *Id*. "The trial court's factual findings are reviewed for clear error, and a finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*.

## III. ANALYSIS

Defendant argues the trial court erred when it granted summary disposition in favor of plaintiff. We agree.

"[A]utomobile insurance contracts are governed by a combination of statutory provisions and the common law of contracts." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 399; 919 NW2d 20 (2018). "Insurance policies are contracts subject to the same contract construction principles that apply to any other species of contract." *Id*. (quotation marks and citation omitted). "[U]nless

clearly prohibited by statute, an insurer may continue to avail itself of any common-law defenses, such as fraud in the procurement of the policy." *Id*. at 400. "Rescission abrogates a contract and restores the parties to the relative positions that they would have occupied if the contract had never been made." *Id*. at 409. "Because a claim to rescind a transaction is equitable in nature, it is not strictly a matter of right but is granted only in the sound discretion of the court." *Id*. (quotation marks and citation omitted).

The parties do not dispute that Debbie's misrepresentations constituted fraud. Instead, they dispute whether, despite this fraud, rescission was justified. "[R]escission should not be granted in cases where the result thus obtained would be unjust or inequitable[.]" *Id*. at 410 (quotation marks and citation omitted). "Moreover, when two equally innocent parties are affected, the court is required, in the exercise of its equitable powers, to determine which blameless party should assume the loss. . . ." *Id*. at 410-411 (quotation marks, brackets, and citation omitted). In this respect, "the trial court must balance the equities to determine whether the plaintiff is entitled to the relief he or she seeks." *Id*. at 410 (quotation marks and citation omitted).

In *Pioneer State Mut Ins Co*, 331 Mich App at 411, this Court adopted the five nonexclusive factors identified by Justice Markman in *Farm Bureau*:

> (1) the extent to which the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured; (2) the relationship between the fraudulent insured and the innocent third party to determine if the third party had some knowledge of the fraud; (3) the nature of the innocent third party's conduct, whether reckless or negligent, in the injury-causing event; (4) the availability of an alternate avenue for recovery if the insurance policy is not enforced; and (5) a determination of whether policy enforcement only serves to relieve the fraudulent insured of what would otherwise be the fraudulent insured's personal liability to the innocent third party.

The trial court addressed all five factors, finding that the first, fourth, and fifth factors weighed in favor of rescission, while the second and third factor weighed against it. The dispute in this case concerns the trial court's assessment of the first and fourth factors.[3]

The first factor concerns whether the insurer could have uncovered the fraud before the innocent third party's injury. *Id*. Defendant argues that plaintiff failed to exercise adequate due diligence when Debbie added the truck to her policy because plaintiff never asked Debbie whether she owned the truck. Even if, as plaintiff argues, this question would not have necessarily compelled Debbie to tell the truth, plaintiff's failure to ask constitutes a lack of due diligence. Moreover, the trial court correctly noted that the truck's owner was easy to uncover through a simple title search. While the title search would not have provided insight into Anthony's living arrangements, the search would have at least put plaintiff on notice that Debbie failed to disclose the truck's true owner, which would warrant rescission before the accident in this case occurred.

---

[3] As will be discussed, the trial court clearly erred in finding that the first factor weighed in favor of rescission. Because this factor changes the balance of the five factors in defendant's favor, we need not address the trial court's findings for the fourth factor.

This factor therefore weighs against rescission, because this evidence could have been uncovered through minimal due diligence. *Id*. The purpose of the trial court's equity-balancing test is to determine which "blameless party should assume the loss" when "two equally innocent parties are affected[.]" *Bazzi*, 502 Mich at 410-411 (quotation marks and citation omitted). In this respect, "[w]here one of two innocent parties must suffer by the wrongful act . . . of another, that one must suffer the loss through whose act or neglect such third party was enabled to commit the wrong." *Id*. at 411 (quotation marks and citation omitted). Plaintiff's failure to exercise due diligence resulted in Debbie being able to "commit the wrong." *Id*. (quotation marks and citation omitted). As such, it is the blameless party that must bear the loss. *Id*. Accordingly, the trial court's finding that it was nonetheless insufficient to uncover Debbie's misrepresentations constitutes clear error.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle